[No. B089569. Second Dist., Div. Six. Jan. 3, 1996.]

MARK S. E. KOVICH, Plaintiff and Appellant, v.
PASEO DEL MAR HOMEOWNERS' ASSOCIATION, Defendant and
Respondent.

**COUNSEL**

Robert G. Foote for Plaintiff and Appellant.

Myers, Widers, Gibson & Long, Jeffrey T. Moerer and Kelton Lee Gibson for Defendant and Respondent.

OPINION

YEGAN, J.—Here we hold that a homeowners association has no duty to tell a prospective purchaser about construction defects or the existence of a civil action against the developer to repair the defects. Mark S. E. Kovich appeals from a judgment entered after the trial court sustained respondent's, Paseo Del Mar Homeowners' Association (Paseo), demurrer without leave to amend. The trial court correctly ruled that Paseo owed no duty to appellant.

On April 18, 1990, appellant entered into a written agreement with Donna Bedford to purchase a townhouse for $166,000. The townhouse was in a common interest development. (Civ. Code, § 1352.) Bedford was a member of Paseo, a nonprofit homeowners association, that owned, managed, and controlled the common areas.

After escrow closed, appellant discovered that the townhouses had cracked walls and slabs. Appellant filed suit against the seller and Paseo for negligence, fraudulent concealment, and intentional misrepresentation. The third amended complaint alleged that Paseo knew about the construction defects and had brought suit against the developer, "M.J. Brock & Sons, Inc. for the correction of said defects in common areas. Said cause is presently pending before the Ventura County Superior Court as case number CIV 108612." Appellant alleged that Paseo kept the information secret and breached a duty to disclose the information to prospective purchasers so they "could assess the proper value of the units."

Paseo demurred contending it breached no duty of care. The trial court by written order ruled: "A homeowners' association's duties with respect to disclosure of information to members and others are specifically enumerated by CC 1365, 1365.5, and 1368. These sections do not require an association to voluntarily disclose the existence of construction defects or pending litigation. CC 1368 requires a selling owner to provide a prospective purchaser with Articles of Incorporation, Bylaws, CC&R's, a copy of the association's most recent financial statement; a true statement as to the amount of the association's assessments and a statement as to any limitations on the occupancy, residency or use of a lot or unit on the basis of age."

The trial court further ruled: "The obligation to provide buyers with the above-referenced data rests with the selling owner, not the homeowners' association, and is in addition to the transfer obligations to sellers per CC 1102-1115 and CC 1133-1134. CC 1368 obligates the association to provide the seller within 10 days of a written request . . . copies of the requisite documents and information. CC 1365 contains the only statutory provision

requiring a homeowners' association to provide members with information absent a request. Per that section, on an annual basis, the association must provide its members with its operating budget. There is no statutory provision setting forth a duty on the part of a homeowner's association to voluntarily disclose to its members or to third parties the existence of construction defects or litigation involving construction defects."

On review " '[w]e treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.' " (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) Where the demurrer is sustained without leave to amend, the burden is on appellant to show that the defect can be cured by amendment. (*Ibid.*)

■ Appellant concedes there is no precedent for his theory that a homeowners association has a duty to tell prospective purchasers about construction defects. However he asserts that a homeowners association performs quasi-governmental functions and owes a duty to disclose information to interested members of the public. The argument lacks merit.

■ "The general rule for liability for nondisclosure is that even if material facts are known to one party and not the other, failure to disclose those facts is not actionable fraud unless there is some fiduciary or confidential relationship giving rise to a duty to disclose. [Citation.] However, active concealment of facts and mere nondisclosure of facts may under certain circumstances be actionable without such a relationship. [Citation.] [¶] For example, a duty to disclose may arise without a confidential or fiduciary relationship where the defendant, a real estate agent or broker, alone has knowledge of material facts which are not accessible to the plaintiff, a buyer of real property. [Citation.]" (*La Jolla Village Homeowners' Assn.* v. *Superior Court* (1989) 212 Cal.App.3d 1131, 1151 [261 Cal.Rptr. 146].)

■ Here, no facts are alleged that Paseo acted as a seller, was a party to the contract, or assumed a special relationship with appellant. Seller was under a duty to disclose information materially affecting the value or the desirabilty of the property. (*Lingsch* v. *Savage* (1963) 213 Cal.App.2d 729, 735-736 [29 Cal.Rptr. 201, 8 A.L.R.3d 537]; Civ. Code, §§ 1102.6, 1368.)[1] "The obligation to provide buyers with the above data rests with the [seller],

---

[1] In 1990 Civil Code section 1368 provided in pertinent part: "(a) The owner of a separate interest . . . , shall, as soon as practicable before transfer of title . . . provide the following to the prospective purchaser: [¶] (1) A copy of the governing documents of the common interest development. [¶] (2) If there is a restriction in the governing documents limiting the

not the association, and is in addition to the transfer disclosure obligations applicable to most sellers of one to four residential dwelling units under [Civil Code] §§ 1102-1102.15, 1133 (sales of separate interests subject to blanket encumbrances), and 1134 (sales of units in condominium conversion projects)." (Sproul & Rosenberry, Advising Cal. Condominium and Home-owners Associations (Cont.Ed.Bar 1991) § 2.63, p. 111.)

Civil Code sections 1365, 1365.5, and 1368 do not impose a duty on homeowners associations to disclose construction defects to prospective purchasers. A homeowners association has a fiduciary relationship with its members. (*Cohen* v. *Kite Hill Community Assn.* (1983) 142 Cal.App.3d 642, 650-651 [191 Cal.Rptr. 209].) In those cases where a homeowners association sues for construction defects, the developer is barred from filing a cross-complaint for equitable indemnity against the individual owners. (*Lauriedale Associates, Ltd.* v. *Wilson* (1992) 7 Cal.App.4th 1439, 1441 [9 Cal.Rptr.2d 774].) Such a cross-complaint would pit the property owners against the homeowners association and undermine the special relationship. (*Id.*, at pp. 1444-1445; *Jaffe* v. *Huxley Architecture* (1988) 200 Cal.App.3d 1188, 1192-1193 [246 Cal.Rptr. 432] [cross-complaint against directors barred].)

*Maillard* v. *Dowdell* (Fla.Dist.Ct.App. 1988) 528 So.2d 512 is the only case discussing whether a homeowners association owes a duty to disclose construction defects to prospective purchasers. There, the plaintiffs purchased a condominium unit and brought suit against the homeowners association for failure to disclose structural defects. The Florida Court of Appeal held that the association had no fiduciary duty to disclose information concerning the construction defects. (*Id.*, at p. 513.)

We agree with *Mallard* v. *Dowdell.* Paseo had a fiduciary relationship with the seller and other association members, not appellant. ■ Civil Code section 1368 does not impose a duty on a homeowners association to disclose construction defects to prospective purchasers.

We reject the argument that such a duty arises because a corporation is required to keep adequate books and records pursuant to Corporations Code

occupancy, residency, or use of a separate interest on the basis of age in a manner different from that provided in Section 51.3, a statement that the restriction is only enforceable to the extent permitted by Section 51.3 and a statement specifying the applicable provisions of Section 51.3. [¶] (3) A copy of the most recent financial statement distributed pursuant to Section 1365. [¶] (4) A true statement in writing from an authorized representative of the association as to the amount of any assessments levied upon the owner's interest in the common interest development which are unpaid on the date of the statement. The statement shall also include true information on late charges, interest, and costs of collection which, as of the date of the statement, are or may be made a lien upon the owner's interest in a common interest development pursuant to Section 1367."

section 8320. Appellant alleged that Paseo "failed to clearly describe the construction defects and its pending litigation with the developer in its general membership meetings" and "its minutes of the general membership meetings." However, no facts are alleged that the seller or any other person involved in the sale made a demand on Paseo to produce corporate minutes or records before the sale was consummated. (See, Civ. Code, § 1363, subd. (f); Corp. Code, § 8333.)

Appellant argues that the duty to disclose may be predicated on the principle that everyone must abstain from conduct that unreasonably causes injury to another. (Civ. Code, §§ 1708, 1714, subd. (a).) In *Rowland* v. *Christian* (1968) 69 Cal.2d 108 [70 Cal.Rptr. 97, 443 P.2d 561, 32 A.L.R.3d 496], our Supreme Court held that existence of such a duty ". . . involves the balancing of a number of considerations; the major ones are the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved. [Citations.]" (*Id.*, at pp. 112-113; see also *Lompoc Unified School Dist.* v. *Superior Court* (1993) 20 Cal.App.4th 1688, 1692 [26 Cal.Rptr.2d 122].) Stated another way, ". . . *the imposition of a duty is ultimately a question of fairness* and the inquiry involves a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution [citations]." (*Totten* v. *More Oakland Residential Housing Inc.* (1976) 63 Cal.App.3d 538, 545 [134 Cal.Rptr. 29].)

Absent here is the close connection between Paseo's conduct and the injury suffered. Appellant's injuries may be attributable to seller's failure to disclose information affecting the value of the property. (Civ. Code, § 1102 et seq.)[2] The seller had the duty to repair and maintain the townhouse. (Civ. Code, § 1364, subd. (a).) The repair of the common areas was the responsibility of Paseo, to be paid with homeowners association assessments. Pursuant to Civil Code section 1365 Paseo was required to provide a statement of

---

[2]When appellant purchased the property, Civil Code section 1102.6 required that the seller disclose soils and grading problems, common areas, whether the homeowners association had any authority over the subject property, and "[a]ny lawsuits against the seller threatening to or affecting this real property. . . ." (Civ. Code, § 1102.6, Form provision C.16.) Effective January 1, 1995, the statute was amended to require sellers to disclose the existence of "[a]ny lawsuits by or against the seller threatening to or affecting this real property including any lawsuits alleging a defect or deficiency in this real property or 'common areas' (facilities such as pools, tennis courts, walkways, or other areas co-owned in undivided interest with others). . . ." (Civ. Code, § 1102.6, C.16.) No similar duty was imposed on homeowners associations.

the association's revenue and expenses, a statement of its reserves, and a statement of whether special assessments would be made in the near future. No facts were alleged that Paseo failed to provide this information.

Where, as here, the seller is charged with the responsibility of disclosing information to a purchaser, no public interest would be served by imposing the same disclosure requirements on a homeowners association. We reject the argument that Paseo had a duty to monitor the seller's disclosures or volunteer information about construction defects. Equally without merit is the argument that Paseo had a duty to disclose information concerning its suit against the developer. Such a disclosure may have prejudiced Paseo's position in the litigation and resulted in the dissemination of confidential information that encompassed attorney-client and work product matters.

Applying the factors set forth in *Rowland* v. *Christian*, *supra*, 69 Cal.2d 108, we hold that no public policy would be served by requiring a homeowners association to disclose construction defects to a prospective purchaser. Such a disclosure requirement would impose an unreasonable burden on Paseo and require it to incur substantial costs to assemble the information, make a timely disclosure, and monitor all potential sales in the common interest development. The insurance costs would be enormous and subject it to a host of claims by disgruntled purchasers. Those costs would be passed on to Paseo's members, undermine the fiduciary duties owed by Paseo's board of directors, and subject Paseo to new theories of liability. " '[T]he traditional rule [is] that directors are not personally liable to third persons for negligence amounting merely to a breach of duty the officer owes to the corporation alone.' [Citation.]" (*Self-Insurers' Security Fund* v. *ESIS, Inc.* (1988) 204 Cal.App.3d 1148, 1162 [251 Cal.Rptr. 693].)

In purchasing the townhouse, appellant impliedly agreed that the property rights being sold were subordinate to the interest of the homeowners association as a whole. Paseo's fiduciary duties ran to the association members, not prospective purchasers. (*Frances T.* v. *Village Green Owners Assn.* (1986) 42 Cal.3d 490, 505 [229 Cal.Rptr. 456, 723 P.2d 573]; see also *Heliotis* v. *Schuman* (1986) 181 Cal.App.3d 646, 650-651 [226 Cal.Rptr. 509] [attorney acting as seller's fiduciary has no duty to disclose soil problems to purchaser].) "[N]either a court nor minority shareholders can substitute their business judgment for that of a corporation where its board of directors has acted in good faith and with a view to the best interests of the corporation and all its shareholders. [Citations.]" (*Beehan* v. *Lido Isle Community Assn.* (1977) 70 Cal.App.3d 858, 865 [137 Cal.Rptr. 528].)

Appellant's reliance on *Karoutas* v. *HomeFed Bank* (1991) 232 Cal.App.3d 767 [283 Cal.Rptr. 809] does not compel a different result.

There, a bank foreclosed on a deed of trust, conducted a trustee's sale, and failed to disclose construction defects. The Court of Appeal held that the successful bidder could bring an action against the bank for nondisclosure because it actively participated in the sale. (*Id.*, at pp. 772-775.) The case is inapposite. Paseo did not participate in the sale, have any direct communications with appellant, or benefit from the sale. As a homeowners association, it had no statutory or common law duty to disclose information about construction defects or its suit against the developer.

Appellant's remaining arguments are without merit. Civil Code section 1710 provides in relevant part that deceit is " '[t]he suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that face; . . .' To fasten liability under this section on a party alleged to be guilty of nondisclosure or fraudulent concealment of certain facts, it is necessary to show that the party was under a legal duty to disclose them. [Citation.] Such a duty may arise from a fiduciary or confidential relationship, privity of contract, or from special circumstances, oftentimes in cases dealing with the sale of property. [Citation.]" (*LaJolla Village Homeowners' Assn.* v. *Superior Court, supra*, 212 Cal.App.3d 1131, 1151-1152.)

Appellant has failed to state a cause of action against Paseo for negligence, fraud, or concealment. No facts are alleged that Paseo knew that appellant intended to purchase the property or that Paseo induced appellant to purchase the property.

The judgment is affirmed with costs to Paseo.

Stone (S. J.), P. J., and Gilbert, J., concurred.