

# NUMBER 13-11-00500-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

CHARLES E. SMITH AND BETTY
M. SMITH, INDIVIDUALLY, AND AS
TRUSTEES FOR THE SMITH
FAMILY TRUST,                                                    Appellants,

v.

ARAMARK CORPORATION,                                         Appellee.

On appeal from the 445th District Court
of Cameron County, Texas.

# NUMBER 13-11-00708-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**CHARLES E. SMITH AND BETTY M. SMITH, INDIVIDUALLY, AND AS TRUSTEES FOR THE SMITH FAMILY TRUST,**                                        Appellants,

**v.**

**LONG ISLAND VILLAGE OWNERS ASSOCIATION, INC. F/K/A OUTDOOR RESORTS/SOUTH PADRE OWNER'S ASSOCIATION, INC. AND PAST AND PRESENT BOARD OF DIRECTORS OF LONG ISLAND OWNERS ASSOCIATION INC. F/K/A OUTDOOR RESORTS/SOUTH PADRE OWNER'S ASSOCIATION, INC.,**                                        Appellees.

---

## On appeal from the 445th District Court of Cameron County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes Memorandum Opinion by Chief Justice Valdez

By one issue, appellants, Charles E. Smith and Betty M. Smith, individually and as trustees for the Smith Family Trust (Smiths), challenge the trial court's orders granting summary judgment in favor of appellees, Aramark Corporation (Aramark) (appellate cause number 13-11-00500-CV), and appellees, Long Island Village Owners Association, Inc. F/K/A Outdoor Resorts/South Padre Owner's Association, Inc. and Past and Present Board of Directors of Long Island Owners Association, Inc. F/K/A Outdoor Resorts/South Padre Owner's Association, Inc. (LIVOA) (appellate cause number 13-11-00708-CV). We affirm.

## I.  BACKGROUND

In February 2003, the Smiths purchased a property located in the Long Island Village from the property's previous owner, Janet Kennedy.  Homeowners of Long Island Village are members of LIVOA.  Prior to the sale of the property, in accordance with Texas Property Code section 207.003, LIVOA provided the Smiths with a "Resale Certificate for Property Subject to Mandatory Membership in an Owners' Association" (resale certificate), which was completed by LIVOA's agent, Aramark.  *See* TEX. PROP. CODE ANN. § 207.003 (West, Westlaw through 2013 3d C.S.).  On the certificate, LIVOA indicated that it had "no actual knowledge of conditions on the Property in violation of the restrictions applying to the subdivision or the bylaws or rules of the Owners' Association."

On March 12, 2008, The Smiths filed suit against multiple defendants, including LIVOA and Aramark.  Their pleadings included causes of action for negligence, negligent misrepresentation, common law fraud, civil conspiracy, fraud by nondisclosure, unlawful taking and diminished value of the subject property, violations of the Texas Deceptive Trade Practices Act, and breach of fiduciary duty.   In their pleadings, the Smiths asserted that LIVOA and Aramark, acting as LIVOA's agent by completing the resale certificate, failed to disclose the existence of an equalizer channel located underneath the property. The Smiths claimed that LIVOA and Aramark "intentionally, willfully and fraudulently stated" on the resale certificate that they had no knowledge or information about any conditions of the property that were in violation of the owners' association's rules and bylaws.  LIVOA's building rules prohibited building structures on common elements.  The Smiths argued that the equalizer channel was a common element and that because a home had previously been built on the subject property above a common element, the

3

property was in violation of LIVOA's rules. The Smiths contended that LIVOA and Aramark therefore had a duty to notify the Smiths of the violation.

The Smiths claimed damages resulting from the diminished value of the property based on the possibility of sinkholes caused by the equalizer channel. They also claimed damages based on a 2008 building handbook stating that maintenance or repair of the equalizer channels "may require the temporary removal of any building or improvement. This cost will be at the owner's expense entirely." The Smiths argued that this new policy, in conjunction with the equalizer channel located beneath their property, further diminished the value of the property.

LIVOA and Aramark both filed dual traditional and no-evidence motions for summary judgment asserting, among other arguments, that the Smiths had provided no evidence that LIVOA or Aramark had a duty to notify appellant of the existence of the equalizer channel. LIVOA filed a supplemental summary judgment motion to incorporate two additional causes of action asserted by the Smith's in an amended pleading. On January 20, 2011, the trial court entered an order granting LIVOA's motion for summary judgment and Aramark's motion for summary judgment "as to any any and all of the Plaintiff's causes of action and allegations related to or arising from the Resale certificate . . . ." and on October 21, 2011, the trial court granted LIVOA's supplemental motion for summary judgment, which incorporated by reference the earlier motion. On November 2, 2011, the trial court issued a take-nothing-judgment.[1] This appeal followed.

## II. STANDARD OF REVIEW & APPLICABLE LAW

---

[1] The trial court severed the causes of action against both Aramark and LIVOA; therefore, the orders granting summary judgment are final, appealable orders. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 295 (Tex. 2011).

In a traditional motion for summary judgment, the movant has the burden to establish that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). If the movant meets its burden, the burden shifts to the non-movant to produce summary judgment evidence that raises a fact issue. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 222 (Tex.1999). We review the granting of a traditional motion for summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.*

Under the no-evidence summary judgment rule, a party may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or a defense on which the nonmovant would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The respondent has the initial burden to present sufficient evidence to defeat the no-evidence summary judgment motion. *See Wal–Mart Stores, Inc. v. Rodriguez,* 92 S.W.3d 502, 506 (Tex. 2002). A no-evidence summary judgment motion should be granted if there is no evidence of at least one essential element of the non-movant's claim. *See Hamilton v. Wilson,* 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). All that is required of the non-movant is to produce a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Forbes, Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 172 (Tex. 2003). The burden of producing evidence is entirely on the non-movant; if the non-movant

produces evidence to raise a genuine issue of material fact, summary judgment is improper. TEX. R. CIV. P. 166a(i).

Texas Property Code section 207.003 requires an owners' association, on the written request of a purchaser of property in its subdivision, to provide (1) a current copy of the restrictions applying to the subdivision; (2) a current copy of the bylaws and rules of the owners' association; and (3) a resale certificate. TEX. PROP. CODE ANN. § 207.003. The resale certificate must include, among other things, "a description of any conditions on the owner's property that the property owners' association board has actual knowledge are in violation of the restrictions applying to the subdivision or the bylaws or rules of the property owners' association . . . ." *Id.* § 207.003(b)(11).

### III.    DISCUSSION

Notably, at the summary judgment hearing and in their pleadings, the Smiths asserted that appellees had committed various torts by misrepresenting, on the resale certificate, that LIVOA had no knowledge of any condition on the property in violation of rules or bylaws of the owners association, when in fact the property was in violation of the rules because it was built on a "common element." However, on appeal, the Smiths do not argue that appellees misrepresented their knowledge of the existence of violations of the owners association's bylaws, but instead contend only that appellees breached their fiduciary duty to disclose latent defects in the property to prospective purchasers.[2] The Smiths argue that appellees' fiduciary duty arose out of their status as third party beneficiaries of the sale of the property from Kennedy to the Smiths and because they "actively participated" in the sale.

---

[2] We assume without deciding that this argument was preserved in the trial court by the Smiths' pleadings that appellees breached a fiduciary duty.

6

The Smiths concede that no Texas statute or case law confers a duty on a homeowners' association to disclose latent defects in property being sold by a member of the association to a prospective purchaser. *See id.* at § 207.003. However, in their appellate brief, they refer us to and extensively discuss a California case, *Kovich v. Paseo Del Mar Homeowners' Association*, which they argue stands for the proposition that when a homeowners' association is a third-party beneficiary to, and actively participates in, a sale of property in its subdivision, it could have a duty to disclose latent defects to prospective purchasers. 48 Cal. Rptr. 2d 758, 763 (Cal. Ct. App. 1996). However, the *Kovich* court specifically held that "a homeowner's association has no duty to tell a prospective purchaser about construction defects or the existence of a civil action against the developer to repair the defects." *Id.* at 759. While the *Kovich* court, in part, based its reasoning on the fact that the homeowners' association did not participate in or benefit from the sale, it did not hold that a homeowners' association has a fiduciary duty to a prospective purchaser in any circumstance. *Id.* at 762.

Nonetheless, the Smiths contend that appellees had a fiduciary duty in the present case because, unlike in *Kovich*, appellees were third party beneficiaries of the contract for the sale of the property between the Smiths and Kennedy. *See id.* The Smiths however cite no law regarding third party beneficiaries, much less indicating that a party has a fiduciary duty because of its third party beneficiary status or that an owners' association that actively participates in a sale owes a fiduciary duty to a prospective purchaser. *See* TEX. R. APP. P. 38.1. Moreover, the Smiths, in their pleadings, did not allege that appellees were third party beneficiaries and therefore provided no evidence to overcome the "presumption against conferring third party beneficiary status on non-

7

contracting parties." *See South Tex. Water Author. v. Lomas*, 223 S.W.3d 304, 306 (Tex. 2007); *see MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 652 (Tex. 1999) (expressing that absent clear indication in written contract that parties intended to confer direct benefit to a third party, a third party cannot maintain breach of contract action).

When a member of an owners' association is selling property to a prospective purchaser, Texas law only imposes a duty on a homeowners' association to disclose information listed in Texas Property Code section 207.003(b), which does not include latent defects. *See* TEX. PROP. CODE ANN. § 207.003. In the present case, we find no reason to require appellees to disclose any information that was not required by existing Texas law. *See id.* Accordingly, we find that appellees did not have a duty to disclose the existence of the alleged latent defect, and the trial court therefore did not err in granting the motions for summary judgment.[3] *See* TEX. R. CIV. P. 166a(c); *Hamilton*, 249 S.W.3d at 426.

Moreover, Aramark, in its motion for summary judgment, also asserted that the Smiths provided no evidence to show that Aramark had actual knowledge of the alleged building defects. Because, on appeal, the Smiths have not challenged this ground supporting summary judgment, we must affirm the granting of Aramark's motion for summary judgment on this basis as well.[4] *See Bever Props., L.L.C. v. Jerry Huffman*

---

[3] Because we find that the appellees had no duty to disclose latent defects, we need not determine whether the existence of the equalizer channel was a latent defect.

[4] Specifically, in their appellate brief, the Smiths argue, "So if it were true that the Association did know of the latent defect, and that the Association would be a third party beneficiary, etc., then a duty would arise . . . ." The Smiths appellate issue is based solely on its argument that appellees had a duty disclose latent defects if they had actual knowledge of them. However, the Smiths do not address Aramark's basis for summary judgment contending that the Smiths provided no evidence that Aramark had actual knowledge of any alleged defect.

*Custom Builder, L.L.C.*, 355 S.W.3d 878, 888 (Tex. App.—Dallas 2011, no pet.) ("If an appellant does not challenge each possible ground for summary judgment, we must uphold the summary judgment on the unchallenged ground."); *see also Blue Wave Capital, LLC v. Brownsville Reg'l Hosp., LLC*, No. 13-12-00416-CV, 2013 WL 4769446, at *6 (Tex. App.—Corpus Christi Sept. 5, 2013, no pet.) (mem. op.) ("If an appellant does not challenge each possible ground on which summary judgment could have been granted, we must uphold the summary judgment on the unchallenged ground.").

For the foregoing reasons, we overrule the Smiths' sole point of error.

## IV. CONCLUSION

We affirm the trial court's orders granting summary judgment and the take nothing judgment in favor of appellees in appellate cause numbers 13-11-00500-CV and 13-11-00708-CV.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
31st day of July, 2014.