Filed 11/6/14  Boese v. Nissan North America CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| LEO R. BOESE et al., | D065778 |
| Plaintiffs and Appellants, | |
| v. | (Super. Ct. No. RIC10005917) |
| NISSAN NORTH AMERICA, INC., | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of Riverside County, John W. Vineyard, Judge.  Affirmed.

Callahan, Thompson, Sherman & Caudill and Richard J. Ritchie for Plaintiff and Appellant.

Isaacs Clouse Crose & Oxford, Gregory R. Oxford and John A. Crose, Jr.; Gibson, Dunn & Crutcher, Marjorie Ehrich, Blaine H. Evanson and Bradley J. Hamburger for Defendant and Respondent.

Plaintiffs Leo R. Boese, Lebo Wheels, Inc., and Lebo Development, LLC (collectively Plaintiffs) appeal a judgment entered in favor of defendant Nissan North

America, Inc. (Nissan) after the trial court granted Nissan's motion for summary judgment in Plaintiffs' action alleging causes of action for intentional and negligent misrepresentation, concealment, negligence, and unfair business practices. On appeal, Plaintiffs contend the trial court erred in granting Nissan's motion because there are triable issues of material fact that preclude summary judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Nissan is the United States distributor of Nissan-brand vehicles. Boese has more than 30 years of experience in the automobile industry, primarily in the Southern California market. From 1983 through 1998, Boese was the general manager of a Los Angeles area automotive group that owned eight automotive dealerships.

On or about January 4, 2008, Boese entered into an asset purchase agreement (Purchase Agreement) to purchase from 3MJ, LLC (Seller), a Nissan dealership located on Sycamore Canyon Road in Riverside (Dealership), then known as John Elway's Moreno Valley Nissan. On the same date, Boese also entered into an agreement to purchase from EPL Properties, LLC, the real property and improvements related to the Dealership. Thereafter, Boese apparently assigned his rights under the Purchase Agreement to Lebo Wheels, Inc., and his rights under the real property purchase agreement to Lebo Development, LLC, both of which he apparently owns and/or controls.

On March 14, 2008, the transactions of both agreements closed and Plaintiffs acquired the Dealership and related real property (the Closing). Also on March 14, Lebo Wheels, Inc., entered into a dealership agreement with Nissan (Dealership Agreement),

2

authorizing it to own and operate the Dealership. Plaintiffs then renamed the Dealership "Raceway Nissan."

In May 2008, Nissan received the preliminary results of a market study that included the Los Angeles metropolitan area from Urban Science Applications, Inc. (USAI), a third-party vendor. In October 2007, Nissan had notified all Los Angeles area dealers, including Seller, of its plan to conduct a market study. USAI's preliminary market study recommended the Dealership be relocated to the Moreno Valley Auto Mall. In late 2009, Nissan adopted USAI's revised market study. On November 16, 2009, Nissan notified Boese of the market study results, including USAI's recommendation that the Dealership be relocated to the Moreno Valley Auto Mall. However, Nissan never told Boese he would be required to move the Dealership.

In 2010, Plaintiffs filed the instant action against Nissan, Nissan Acceptance Corporation, Seller, EPL Properties, LLC, and unidentified "Doe" defendants. Plaintiffs' operative first amended complaint alleged five causes of action against Nissan: (1) intentional misrepresentation (first cause of action); (2) concealment (second cause of action); (3) negligent misrepresentation (third cause of action); (4) negligence (ninth cause of action); and (5) unfair business practices (10th cause of action).

Nissan filed a motion for summary judgment, submitting in support a memorandum of points and authorities, a separate statement of undisputed facts, deposition transcript excerpts, and various other documents. Plaintiffs filed opposition papers. The trial court granted Nissan's motion for summary judgment, concluding Plaintiffs did not present any admissible evidence showing Nissan made any false

3

statement of material fact and that Nissan did not have any legal duty to disclose anything to Plaintiffs before the Closing. On June 12, 2012, the trial court entered judgment in favor of Nissan. Plaintiffs timely filed a notice of appeal.[1]

DISCUSSION

I

*Summary Judgment Standard of Review*

"A defendant's motion for summary judgment should be granted if no triable issue exists as to any material fact and the defendant is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) The burden of persuasion remains with the party moving for summary judgment. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850, 861 [107 Cal.Rptr.2d 841, 24 P.3d 493].) When the defendant moves for summary judgment, in those circumstances in which the plaintiff would have the burden of proof by a preponderance of the evidence, the defendant must present evidence that would preclude a reasonable trier of fact from finding that it was more likely than not that the material fact was true [citation], or the defendant must establish that an element of the claim cannot be established, by presenting evidence that the plaintiff 'does not possess and cannot reasonably [obtain] needed evidence.' [Citation.] We review the

---

[1] Although Plaintiffs' notice of appeal was filed on May 3, 2012, prior to the entry of judgment, and therefore incorrectly appealed a judgment that had not been entered, they subsequently submitted a copy of the judgment entered June 12, 2012. We deem Plaintiffs' prematurely filed notice of appeal to be from that judgment.

record and the determination of the trial court de novo." (*Kahn v. East Side Union High School Dist.* (2003) 31 Cal.4th 990, 1002-1003 (*Kahn*).)

II

*Order Granting Nissan's Motion for Summary Judgment*

Plaintiffs contend the trial court erred by granting Nissan's motion for summary judgment because there are triable issues of material fact that preclude summary judgment.

A

*First Amended Complaint*.  Plaintiffs' first cause of action for intentional misrepresentation alleged Nissan falsely represented that the Dealership's facilities met or exceeded all of Nissan's requirements and the Dealership had not made money in the past because of poor management, Nissan knew those representations were false and intended that Plaintiffs rely on them, Plaintiffs reasonably relied on those false representations, had Plaintiffs known the truth they would not have entered into the Purchase Agreement with Seller or the Dealership Agreement with Nissan, and Plaintiffs were harmed as a result of their reliance on those false representations.

Plaintiffs' second cause of action for concealment alleged Nissan disclosed certain facts to them (i.e., the Dealership's facilities met or exceeded Nissan's standards and the Dealership had not made money in the past because of poor management), but Nissan intentionally did not disclose there were prior market studies concluding the Sycamore Canyon location was not the appropriate location for the Dealership and there was a pending market study that in May 2008 "would render [Plaintiffs'] investment valueless."

5

It alleged that because of Nissan's failure to advise Plaintiffs of the market studies, its representations regarding the facilities and prior management were deceptive. It alleged Plaintiffs did not know, and could not have discovered with diligence, the existence of those market studies until after purchasing the Dealership and real property. It further alleged Nissan intended to deceive Plaintiffs by concealing the existence of those market studies, Plaintiffs reasonably relied on that deception, and that had they known of the market studies they would not have entered into the Purchase Agreement, real property purchase agreement, and Dealership Agreement. It also alleged Plaintiffs were further harmed in the summer of 2009 when Boese purchased certain real property contiguous to the Dealership's property because, had he known of the May 2008 market study, he would not have gone forward with that purchase. The third cause of action for negligent misrepresentation alleged the same false representations by Nissan as alleged in the first cause of action, but alleged that those misrepresentations were instead negligently made.

The ninth cause of action alleged Nissan breached a duty of care to Plaintiffs when it sent a letter dated October 16, 2007, to Seller, advising it that a market study would be conducted. It alleged Nissan's notice was defective or not properly sent to Seller. The 10th cause of action for unfair business practices pursuant to Business and Professions Code section 17200 et seq. was based on Plaintiffs' causes of action for intentional misrepresentation, concealment, and negligent misrepresentation, which allegedly were also unfair business practices.

*Motion for Summary Judgment.* Nissan filed a motion for summary judgment, arguing there were no triable issues of material fact and it was entitled to judgment as a

6

matter of law. Regarding the first cause of action for intentional misrepresentation, Nissan argued its statements regarding the Dealership's facility and prior poor management were indisputably true. Nissan's representations regarding the facility, as set forth in the facilities addendum (Addendum) to the Dealership Agreement, merely dealt with Plaintiffs' compliance with Nissan's square footage guidelines for dealership buildings and land and *not* with the suitability of the location of the Dealership.

Furthermore, regarding Nissan's alleged statements regarding the poor management of prior ownership of the Dealership, Nissan argued it did not make any "untrue" representations to Plaintiffs about the reasons for the poor performance of the Dealership under prior ownership. Regarding any statements by Nissan representatives that the Dealership had been struggling due to poor management, it asserted those statements were indisputably true. Accordingly, Nissan argued there was no triable issue of material fact regarding any false representation of fact it made and therefore it was entitled to summary adjudication of Plaintiffs' cause of action for intentional misrepresentation.

Regarding the second cause of action for concealment, Nissan argued it did not have any duty to disclose to Plaintiffs before the Closing the prior market studies or existence of the pending market study. Furthermore, Nissan argued its pre-Closing statements to Plaintiffs that the Dealership's facilities were adequate and the Dealership's poor performance was due to poor management were true. Nissan also argued that Plaintiffs wrongly asserted the prior market studies had recommended the Dealership be located in the Moreno Valley Auto Mall and the Sycamore Canyon location was the

7

wrong location for the Dealership. Therefore, Nissan argued it was entitled to summary adjudication of the concealment cause of action.

Regarding the third cause of action for negligent misrepresentation, Nissan argued that, as it had argued regarding the intentional misrepresentation claim, its alleged statements were true and therefore Plaintiffs could not establish it had made any false representation. Nissan therefore argued it was entitled to summary adjudication of the negligent misrepresentation cause of action.

Regarding the ninth cause of action for negligence, Nissan argued it did not owe Plaintiffs any duty of care to disclose the prior market studies or the existence of the pending market study. Nissan therefore argued it was entitled to summary adjudication of the negligence cause of action.

Regarding the 10th cause of action for unfair business practices, Nissan argued that because the claim was based on Plaintiffs' underlying claims for intentional and negligent misrepresentation and concealment, it was entitled to summary adjudication of that cause of action because it was entitled to summary adjudication of the underlying claims.

In opposition to Nissan's motion for summary judgment, Plaintiffs argued there were triable issues of material fact that preclude summary judgment for Nissan. Plaintiffs argued there was a triable issue of fact regarding whether Nissan learned before their purchase of the Dealership that USAI would recommend the Dealership be relocated to the Moreno Valley Auto Mall. They argued that although USAI's preliminary report was dated March 17, 2008, it was possible USAI may have reached that relocation

8

recommendation on or before March 14, 2008, (the date of the Closing) and may have informed Nissan of that recommendation.  Plaintiffs also argued Nissan's representations that the Dealership had failed because of poor management were false because an October 2007 report by Nissan showed the Dealership's sales had improved over its 2006 sales.  They also argued there was a triable issue of fact whether Nissan owed them a duty to disclose before March 14, 2008, (the date of the Closing) the existence of the pending market study.  Plaintiffs also argued there was a triable issue of fact whether Nissan had a duty to disclose the existence of the pending market study after the Closing and they suffered harm as a result of its failure to timely make that disclosure.  Nissan filed a reply to Plaintiffs' opposition papers, refuting their assertion there were triable issues of material fact that precluded summary judgment for it.

*Order and Judgment*.  The trial court heard arguments of counsel on Nissan's motion for summary judgment and subsequently issued an order granting that motion. The court stated:

> "1.  On Plaintiffs' First and Third Causes of Action for alleged Fraud and Negligent Misrepresentation, [P]laintiffs have not presented admissible evidence showing that [Nissan] made any false statement of material fact, which is an essential element under both of these tort theories.  As to the alleged statements by [Nissan] representatives that prior dealerships at the Sycamore Canyon site suffered from poor management, it is undisputed that these statements were true, and Plaintiffs have not offered any admissible evidence to the contrary or that [Nissan] representatives stated that poor management was the only reason that the prior dealerships were unsuccessful.  The same is true of the [Nissan] Facilities Addendum for Plaintiffs' dealership:  it is indisputably true that the dealership facility complied with [Nissan's] dealership square footage requirements.  Both of these causes of action fail, therefore, for want of any proof of essential elements.  Thus, there is no triable

9

issue of material fact, and [Nissan] is entitled to judgment as a matter of law on Plaintiffs' First and Third Causes of Action.

"2. On Plaintiffs' Second Cause of Action for alleged Concealment, Plaintiffs did not attempt to and did not establish that [Nissan] had a fiduciary or contractual relationship with Plaintiffs prior to Plaintiffs' purchase of the dealership and the dealership property and facilities at the Sycamore Canyon site from the prior owners and the execution of [a Nissan] Dealer Sales and Service Agreement by Lebo Wheels, Inc. and [Nissan] on March 14, 2008 (the 'Closing'). It follows as a matter of law that [Nissan] had no legal duty to disclose anything to Plaintiffs prior to the Closing, including the pendency of a market study being conducted by [Nissan's] third-party vendor, [USAI], which included, inter alia, the Moreno Valley and the Riverside County area generally. It is undisputed that the USAI market study was commenced in late 2007 and had not been completed at the time of the Closing. When completed, this market study recommended that Plaintiff's dealership relocate to the Moreno Valley Auto Mall, some seven miles east of the Sycamore Canyon site. The evidence shows that [Nissan] did not formally adopt the USAI relocation recommendation until mid-2009 and did not disclose it to Plaintiffs until November 2009. Although Plaintiffs argued at the hearing that [Nissan] knew about this proposed recommendation after the Closing and should have disclosed it to Plaintiffs prior to its formal adoption by [Nissan], Plaintiffs did not plead this legal theory in their complaint and therefore [Nissan] never had the opportunity to take discovery on that theory or to incorporate it into its Motion for Summary Judgment. Specifically, Plaintiffs do not allege (and have not presented any evidence showing) that [Nissan] made affirmative post-Closing statements that could have given rise to a duty to disclose the pendency of the USAI market study after the Closing or any information that [Nissan] had at that time concerning its proposed recommendation that Plaintiffs' dealership relocate. [Citation.] Moreover, even though Plaintiffs alleged in paragraphs 48 and 50 that they took certain actions after the Closing that they would not have taken if [Nissan] prior to those actions had disclosed the USAI market study or its proposed relocation recommendation after the Closing, Plaintiffs in their opposition papers did not submit any admissible evidence supporting their allegations in these two paragraphs. As a result, there is no triable issue of material fact, and [Nissan] is entitled to judgment on Plaintiffs' Second Cause of Action as a matter of law.

10

"3. On Plaintiffs' Ninth Cause of Action for alleged Negligence, [P]laintiffs have presented no admissible evidence that would give rise to a duty of care running from [Nissan] to Plaintiffs in October 2007. Accordingly, this cause of action fails for lack of proof of an essential element. Also, it appears from Plaintiffs' opposing memorandum that they have abandoned their negligence theory of liability against [Nissan] inasmuch as their brief discussion of this theory merely reargues their nondisclosure claims. Thus, there is no triable issue of material fact, and [Nissan] is entitled to summary judgment as a matter of law on Plaintiffs' Ninth Cause of Action.

"4. On Plaintiffs' Tenth Cause of Action for alleged violation of the Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*, this cause of action is entirely derivative of Plaintiffs' other causes of action on which the Court has found above that there is no triable issue of material fact and that [Nissan] is entitled to judgment as a matter of law. As a result, this cause of action fails, too, for want of proof of essential elements. Thus, there is no triable issue of material fact, and [Nissan] is entitled to summary judgment as a matter of law on Plaintiffs' Tenth Cause of Action."

On June 12, 2012, the trial court entered judgment for Nissan.

B

Plaintiffs assert there are triable issues of material fact on their first cause of action for intentional misrepresentation that preclude summary judgment for Nissan. The elements of a cause of action for an intentional misrepresentation theory of fraud include a misrepresentation (or false representation), knowledge of falsity, intent to defraud (or induce reliance), justifiable reliance, and resulting damage. (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 974, citing *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638.) Therefore, a misrepresentation or false representation by Nissan is a necessary element of Plaintiffs' first cause of action.

11

Plaintiffs' first amended complaint alleged Nissan made two misrepresentations to them, namely: (1) the Dealership's facilities met or exceeded all of its requirements as stated in the Addendum; and (2) the Dealership had not made money in the past because of poor management. In moving for summary judgment, Nissan asserted its alleged statements were indisputably true and therefore Plaintiffs could not prove a necessary element of their first cause of action for intentional misrepresentation (i.e., that Nissan had made a false representation).

Regarding the first alleged misrepresentation, Nissan argued the Addendum did not pertain to the visibility or desirability of the Dealership's location, but only to Nissan's square footage requirements for the Dealership's building and land, and the statements were indisputably true. In support of that argument, Nissan's separate statement of undisputed facts asserted it was undisputed that the Addendum "made no statements about the [D]ealership's location other than giving its street address and stating, consistent with other provisions of the Dealer Agreement, that the location was the only approved sales location and could not be changed without [Nissan's] approval. The Facilities Addendum also shows on its face that the square footage of the total building, the total land, and the total building and land were adequate under [Nissan's] square footage facilities guidelines." In support of that asserted undisputed fact, Nissan cited the Addendum and an excerpt from Boese's deposition transcript in which he admitted the Addendum did not "say anything, good, bad, or indifferent, about this location."

In opposing Nissan's motion, Plaintiffs disputed its assertion that the Addendum did not make any statements regarding the Dealership's location, arguing the Addendum

12

stated that any change in the location of the Dealership required Nissan's prior written consent.  However, Nissan's separate statement had already asserted the Addendum stated any change in the Dealership's location would require its prior approval.  Plaintiffs' separate statement did not assert the Addendum's statements were false or set forth any other evidence showing, as alleged in their first cause of action, that "[t]hese representations were false as the location could not have met Nissan requirements."

Therefore, based on their separate statements of undisputed material facts, the parties apparently did not disagree regarding what Nissan stated in the Addendum.  Based on our review of the Addendum and the record on appeal, we conclude there is nothing that shows Nissan's statements in the Addendum regarding the square footage of the Dealership's building and land, or statements that any change in the Dealership's location would require Nissan's prior approval, were false or that there was a triable issue of fact regarding those statements.  Furthermore, contrary to Plaintiffs' apparent assertion, there is no evidence, whether in the Addendum or otherwise, showing there is a triable issue of material fact regarding whether Nissan made *any* statements, whether true or not, to them regarding the visibility or desirability of the *location* of the Dealership.  Because there is no dispute Nissan's statements in the Addendum are true and that the Addendum did not include any statements regarding the visibility or desirability of the Dealership's location, there is no triable issue of material fact on Plaintiffs' allegation that Nissan made false representations in the Addendum (or otherwise) regarding the Dealership's location.

Regarding the second allegation that Nissan falsely represented the Dealership had not made money in the past because of poor management, Nissan argued its alleged

13

statements were indisputably true. In support of that argument, Nissan cited its separate statement of undisputed facts in which it asserted: "Mr. Boese had no reason to doubt in 2008, and has no reason to doubt now, the truthfulness of the statements [Nissan] made to him criticizing Mr. McCallan's and then Mr. Tetzlaff's management of the [D]ealership. In fact, Mr. Boese's personal observations led him to conclude that Mr. Tetzlaff 'knew very little about running a dealership, particularly in Southern California.' "[2] In support of those asserted undisputed facts, Nissan cited excerpts from the transcript of Boese's deposition during which he admitted that, at the time Nissan representatives told him the reason for the dealership's poor performance was bad management by the two prior owners, he "had no reason to doubt" those statements and, furthermore, even at the time of his deposition he had no reason to doubt the truth of those statements. In his deposition, Boese also stated that after Nissan representatives made those statements to him, he had a "few dealings" with Tetzlaff and "it didn't take me long to, in my opinion, to realize he knew very little about running a dealership, particularly in Southern California." Boese stated his meetings with Tetzlaff "helped support" the statements by Nissan representatives regarding prior poor management. Boese stated he observed that "it was obvious to me that [Tetzlaff] probably was in over his head a little bit . . . ." Boese stated: "[S]o what Nissan had told me and what I had witnessed, I mean, it looked like a duck and smelled like a duck." Accordingly, Nissan argued there was no triable issue of material fact regarding any false representation of fact it allegedly made.

---

[2] Tetzlaff apparently was Seller's manager of the Dealership.

In opposing Nissan's motion, Plaintiffs argued Nissan's representations that the Dealership had failed because of poor management were false because an October 2007 report by Nissan showed the Dealership's sales had improved over its 2006 sales. Plaintiffs also cited excerpts from Tetzlaff's deposition transcript showing Seller's management had made certain changes to increase sales, but it still failed.

We conclude Nissan carried its burden below to show there is no triable issue of fact regarding whether its statements that the Dealership had not made money in the past because of poor management were false. It submitted excerpts from Boese's deposition transcript showing he admitted he did not doubt the truth of Nissan's alleged statements either at the time they were made or at the time of his deposition. Therefore, he, in effect, admitted the truth of those alleged statements. Plaintiffs did not submit any evidence showing those statements were false or that there is a triable issue of fact regarding their truth. As Nissan argues, Plaintiffs' citation of a single report showing a temporary increase in sales year-over-year does not show the Dealership did not make money in the past because of poor management. Nissan cites its February 2008 report in which it concluded the Dealership's "sales performance has been significantly below Regional average and has continued to [underperform] each month thereafter. . . . Despite [the efforts of Nissan's regional office], the Dealer has showed no significant signs of improvement." That February 2008 report also showed that the Dealership under Seller's management had suffered net losses during five of the seven months from June 2007 through December 2007. Therefore, Plaintiffs' citation of a single monthly report regarding the sales of the Dealership is insufficient to raise a triable issue of material fact

15

regarding whether Nissan's statements that the Dealership had not made money in the past because of poor management were false. (Cf. *McGonnell v. Kaiser Gypsum Co.* (2002) 98 Cal.App.4th 1098, 1105.) Because Plaintiffs did not submit any evidence to refute Nissan's evidence showing that its statements regarding the poor management of the prior Dealership in the past were true, there is no triable issue of fact regarding the falsity of those alleged statements.

Because Nissan carried its burden below to show there are no triable issues of material fact on Plaintiffs' first cause of action for intentional misrepresentation and Plaintiffs cannot prove one element of that cause of action (i.e., a false representation), Nissan is entitled to summary adjudication of their cause of action for intentional misrepresentation. (Code Civ. Proc., § 437c, subd. (c);[3] *Aguilar v. Atlantic Richfield Co., supra*, 25 Cal.4th at pp. 850, 861 (*Aguilar*); *Kahn*, *supra*, 31 Cal.4th at pp. 1002-1003.)

C

Plaintiffs assert there are triable issues of material fact on their second cause of action for concealment that preclude summary judgment for Nissan. The elements of a cause of action for concealment are: (1) the defendant concealed or suppressed a material fact; (2) the defendant had a duty to disclose that fact to the plaintiff; (3) the defendant intentionally concealed or suppressed that fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of that fact and would not have acted as it did had it known of the concealed or suppressed fact; and (5) the plaintiff sustained damage as a

---

[3] All further statutory references are to the Code of Civil Procedure unless otherwise specified.

16

result of the concealment or suppression of fact. (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 868.) Plaintiffs' second cause of action for concealment alleged Nissan disclosed certain facts to them (i.e., the Dealership's facilities met or exceeded Nissan's standards and the Dealership had not made money in the past because of poor management), but intentionally did not disclose there were prior market studies stating the Sycamore Canyon location was not the appropriate location for the Dealership and there was a pending market study that in May 2008 "would render [Plaintiffs'] investment valueless." It alleged that because of Nissan's failure to advise Plaintiffs of the market studies, its representations regarding the facilities and prior management were deceptive. It also alleged Plaintiffs were further harmed in the summer of 2009 when Boese purchased certain real property contiguous to the Dealership's property because, had he known of the May 2008 market study, he would not have gone forward with that purchase.

In moving for summary judgment, Nissan argued Plaintiffs could not prove one element of their second cause of action, namely, that it had a duty to disclose to them the prior market studies or pending market study prior to the Closing. In particular, it argued that it did not have any fiduciary, confidential, or other special relationship with Plaintiffs that would support such a duty of disclosure and it did not make any misleading partial representation that would have created such a duty. Nissan argued that before the Closing Plaintiffs did not have any contract with it. In opposing Nissan's motion, Plaintiffs argued there was a triable issue of fact whether Nissan owed them a duty to

17

disclose before March 14, 2008, (the date of the Closing) the existence of the pending market study.

Deceit in the form of wrongful concealment is the "suppression of fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact." (Civ. Code, § 1710(3).) "Concealment is a term of art which includes mere nondisclosure when a party has a duty to disclose." (*Reed v. King* (1983) 145 Cal.App.3d 261, 265.) In *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, we stated:

> "There are 'four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. [Citations.]' " (*Id*. at p. 336.)

When there is no fiduciary relationship between the parties, "[e]ach of the other three circumstances in which nondisclosure may be actionable presupposes the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise." (*LiMandri*, *supra*, 52 Cal.App.4th at pp. 336-337.) "[S]uch a relationship can only come into being as a result of some sort of *transaction* between the parties." (*Id*. at p. 337.)

Based on the undisputed facts in this case, we conclude, as a matter of law, there was no relationship between Nissan and Plaintiffs that imposed on Nissan a duty to disclose information to Plaintiffs *before* the Closing and Dealership Agreement with

18

Nissan on March 14, 2008. Prior to that date, there was no contract or other transaction between Nissan and Plaintiffs on which such a duty to disclose could be based. Therefore, before March 14, 2008, Nissan did not have a duty to disclose to Plaintiffs the prior market studies or the existence of the pending market study. (Cf. *Kovich v. Paseo Del Mar Homeowners' Assn.* (1996) 41 Cal.App.4th 863, 865 [homeowners' association has no duty to disclose to prospective common interest (e.g., townhouse) purchaser any information about construction defects or existence of construction defect lawsuit against developer].)

Likewise, as Nissan asserts, Plaintiffs did not submit any evidence to refute its assertion of undisputed fact that it had not disclosed any information to them that would not have been misleading had it also disclosed the prior market studies or existence of the pending market study. The only statements allegedly made by Nissan before March 14, 2008, were that the Dealership's building and land complied with Nissan's requirements and the Dealership had not made money in the past because of poor management. As discussed above, those statements were indisputably true and therefore were not misleading. Furthermore, even had Nissan disclosed to Plaintiffs the prior market studies and existence of the pending market study, that additional information would not have made Nissan's prior affirmative statements any more "true." Accordingly, to the extent Plaintiffs' second cause of action for concealment is based on Nissan's failure to disclose information before March 14, 2008, Nissan has shown Plaintiffs cannot establish a necessary element of that cause of action (i.e., a duty to disclose).

19

Finally, contrary to Plaintiffs' assertion, there is no triable issue of material fact based on Nissan's alleged failure *after* March 14, 2008, to disclose to them the prior market studies and existence of the pending market study. Although we presume Nissan had a duty to disclose information to Plaintiffs after March 14, 2008, based on its contractual relationship with them (i.e., the Dealership Agreement), Plaintiffs did not, as the trial court concluded, submit any evidence to refute Nissan's assertion that they had not shown they were harmed by any such nondisclosure after March 14, 2008, and/or failure to disclose that information earlier than November 2009.[4] Assuming arguendo that Plaintiffs adequately alleged, or by amendment of the complaint could allege, they suffered harm as a result of Nissan's nondisclosure of information after March 14, 2008, (or failure to disclose earlier than November 2009), Plaintiffs did not present below any evidence to refute Nissan's assertion that they did not, in fact, suffer any harm from its failure to disclose, or disclose earlier, information regarding the prior market studies or results of the pending market market study. Although Plaintiffs' first amended complaint alleged they were harmed in the summer of 2009 when Boese purchased a parcel of real property contiguous to the Dealership's property, which property he would not have purchased had he known of the results of the pending market study, that allegation, by itself, is insufficient to refute Nissan's assertion that Plaintiffs could not prove they were harmed by its alleged nondisclosure, or failure to timely disclose, the prior market studies

---

[4] As discussed above, Nissan notified Boese in November 2009 of the results of the pending market study, including USAI's recommendation that the Dealership be relocated to the Moreno Valley Auto Mall.

20

or results of the pending market study. In opposition to Nissan's motion for summary judgment below, Plaintiffs did *not* submit *any* evidence showing Boese had, in fact, purchased contiguous real property in the summer of 2008. Absent evidence showing such purchase or that Plaintiffs were otherwise harmed by Nissan's alleged nondisclosure after March 14, 2008, of, or failure to disclose earlier, information regarding the prior market studies or results of the pending market study, Nissan carried its burden to show Plaintiffs could not establish a necessary element of their concealment cause of action (i.e., damages). (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC*, *supra*, 162 Cal.App.4th at p. 868.)

Because Nissan carried its burden below to show there are no triable issues of material fact on Plaintiffs' second cause of action for concealment and Plaintiffs cannot prove one element of that cause of action (i.e., existence of duty to disclose before March 14, 2008, or damages after March 14, 2008), Nissan is entitled to summary adjudication of their cause of action for concealment. (§ 437c, subd. (c); *Aguilar*, *supra*, 25 Cal.4th at pp. 850, 861; *Kahn*, *supra*, 31 Cal.4th at pp. 1002-1003.)

D

Plaintiffs assert there are triable issues of material fact on their third cause of action for negligent misrepresentation that preclude summary judgment for Nissan. As with Plaintiffs' cause of action for intentional misrepresentation, Plaintiffs' cause of action for negligent misrepresentation alleged Nissan made two misrepresentations to them, namely it falsely represented that: (1) the Dealership's facilities met or exceeded all of its requirements as stated in the Addendum; and (2) the Dealership had not made

21

money in the past because of poor management. However, as we concluded above, Nissan showed below that those alleged statements were indisputably true and Plaintiffs did not carry their burden to show there was a triable issue of fact regarding the truth of those alleged statements. We incorporate our discussion in part II.B. above, and conclude that because Nissan carried its burden below to show there are no triable issues of material fact on Plaintiffs' third cause of action for negligent misrepresentation and Plaintiffs cannot prove one element of that cause of action (i.e., a false representation), Nissan is entitled to summary adjudication of their cause of action for negligent misrepresentation. (§ 437c, subd. (c); *Aguilar*, *supra*, 25 Cal.4th at pp. 850, 861; *Kahn*, *supra*, 31 Cal.4th at pp. 1002-1003.)

E

Plaintiffs assert there are triable issues of material fact regarding its ninth cause of action for negligence that preclude summary judgment for Nissan. Their negligence cause of action alleged Nissan breached its duty to Plaintiffs by not properly disclosing *to Seller* the existence of the pending market study. However, in opposing Nissan's motion for summary judgment and in appealing the instant judgment, Plaintiffs, whether intentionally or mistakenly, apparently alter that theory of negligence and instead argue Nissan was negligent by not properly disclosing to them *or* Seller the existence of the pending market study. Plaintiffs argue in their respondents' brief: "Given that [Nissan] and the dealer have to abide by market study recommendations, certainly a duty exists to disclose those to a potential candidate or an existing dealer."

22

Nevertheless, assuming arguendo Plaintiffs adequately alleged Nissan breached a *duty to disclose* the pending market study to Seller or Plaintiffs, that allegation did *not* adequately allege Nissan owed Plaintiffs a *duty of care* as required for a general negligence cause of action. Nissan argued below, and the trial court correctly found, Plaintiffs did not allege sufficient facts showing, as a matter of law, Nissan owed them a duty of care under negligence principles, which duty was breached when it allegedly failed to disclose to Seller or Plaintiffs the existence of the pending market study. Even on appeal, Plaintiffs have not made any attempt to allege any such duty of care, but assert only that Nissan had a duty to disclose the pending market study to Seller or them. Because that theory of a duty to disclose is the same theory alleged in Plaintiffs' second cause of action, we conclude, as discussed above, Nissan did not owe Plaintiffs any duty to disclose the pending market study before March 14, 2008. Nissan showed it did not have any such duty to disclose (or duty of care) and therefore carried its burden to show Plaintiffs cannot establish a necessary element of their negligence cause of action. Because Nissan carried its burden below to show there are no triable issues of material fact on Plaintiffs' ninth cause of action for negligence and Plaintiffs cannot prove one element of that cause of action (i.e., a duty of care or a duty to disclose), Nissan is entitled to summary adjudication of their cause of action for negligence. (§ 437c, subd. (c); *Aguilar*, *supra*, 25 Cal.4th at pp. 850, 861; *Kahn*, *supra*, 31 Cal.4th at pp. 1002-1003.)

F

Plaintiffs assert there are triable issues of material fact regarding its 10th cause of action for unfair business practices that preclude summary judgment for Nissan. However, as stated above, that cause of action is derivative of, and predicated on, Plaintiffs' other causes of action (i.e., for intentional misrepresentation, concealment, and negligent misrepresentation). Because we concluded above that Nissan is entitled to summary adjudication on all of those predicate causes of action, Nissan has shown Plaintiffs cannot establish a necessary element of their unfair business practices cause of action and therefore is entitled to summary adjudication of that cause of action. (§ 437c, subd. (c); *Aguilar*, *supra*, 25 Cal.4th at pp. 850, 861; *Kahn*, *supra*, 31 Cal.4th at pp. 1002-1003.)

G

Plaintiffs' opening brief on appeal sets forth various arguments asserting there are other triable issues of material fact that preclude summary judgment for Nissan.[5] However, none of those other arguments refute Nissan's showing that they cannot establish a necessary element of each cause of action alleged against it. Accordingly, Plaintiffs have not carried their burden on appeal to show the trial court erred by granting Nissan's motion for summary judgment.

---

[5]     Plaintiffs' opening brief on appeal appears to be substantially the same as their opposition to Nissan's motion for summary judgment filed in the trial court. Plaintiffs did not file an appellants' reply brief.

DISPOSITION

The judgment is affirmed.  Nissan is entitled to costs on appeal.


McDONALD, J.

WE CONCUR:


HALLER, Acting P. J.


O'ROURKE, J.

25