[No. G036069. Fourth Dist., Div. Three. June 30, 2006.]

ALICIA FARBER, Plaintiff and Appellant, v.
BAY VIEW TERRACE HOMEOWNERS ASSOCIATION, Defendant and
Respondent.

[No. G036454. Fourth Dist., Div. Three. June 30, 2006.]

ALICIA FARBER, Cross-complainant and Appellant, v.
BAY VIEW TERRACE HOMEOWNERS ASSOCIATION, Cross-defendant
and Respondent.

1008

## COUNSEL

Feldsott & Lee and Martin L. Lee for Plaintiff and Appellant and for Cross-complainant and Appellant.

Hickey & Petchul, David E. Hickey, Dirk E. Petchul, J. Stuart Duncan and David M. Gillen for Defendant and Respondent and for Cross-defendant and Respondent.

## OPINION

**BEDSWORTH, Acting P. J.**—Alicia Farber appeals from judgments that dismissed her complaint and cross-complaint against Bay View Homeowners Association (Association) for lack of standing to sue, and from a postjudgment order awarding the Association attorney fees. Farber argues she does have standing and, even if not, the Association was not entitled to fees. We disagree and affirm.

In late 2003, Farber sold a condominium in Bay View Terrace, Costa Mesa, to David Stiffler. The condominium project is subject to a declaration of covenants, conditions, and restrictions (CC&R's). The Association, whose members are the unit owners, is responsible for enforcing the CC&R's and maintaining the structures within the condominium project.

After Stiffler moved into his unit, he discovered the roof leaked extensively and he was facing a $15,000 assessment by the Association to make repairs. Stiffler thought Farber had failed to disclose the leaks and should bear this expense. Farber took the position that it was the Association's duty to maintain the roof. She made demand on the Association to accept responsibility for the roof, and on Stiffler to agree to look only to the latter for recourse. Both refused and the instant action followed.

The complaint names as defendants Stiffler and the Association, and it recites the facts set out above. There is a single cause of action for declaratory relief. It alleges "[a]n actual controversy . . . now exists between plaintiff and defendants . . . concerning their respective rights and duties pursuant to the DECLARATION [CC&R's] . . . and duties allegedly owed to defendant STIFFLER by either plaintiff and/or ASSOCIATION . . . ." Farber alleges she did not conceal any material facts from Stiffler, and it is the Association's duty to fix Stiffler's roof. The relief requested is a judicial determination of Farber's rights and duties vis-à-vis Stiffler and the Association. As to the Association, she specifically asks for a declaration that "[i]f defendant STIFFLER is having any problems with the roof . . . it is the duty and obligation of the defendant ASSOCIATION to alleviate same and not the duty and/or obligation of this plaintiff . . . ."[1]

The Association demurred to the complaint on the ground that it failed to state a cause of action. The gist of its argument was that there was no actual controversy between Farber and the Association, since she was not a member and it had no duty to her. At oral argument, the Association added a new argument—Farber lacked standing to enforce the CC&R's because she was not an owner of a condominium unit. In support, it proffered statutory authority and case law not included in the demurrer. The trial court overruled the demurrer, explaining the standing argument had not been fairly raised and it would violate due process to decide on that basis without giving Farber an opportunity to brief the issue.

Prior to this ruling, Farber had filed a cross-complaint against the Association. It incorporated the complaint by reference and set out three causes of action—implied indemnity, comparative indemnity, and declaratory relief. The two indemnity claims alleged the Association is primarily responsible for any damages Stiffler might recover, and it should indemnify Farber for any judgment. The declaratory relief claim requested a determination of Farber's rights and duties against the Association and a declaration she is entitled to be indemnified for any judgment obtained by Stiffler.

---

[1] Stiffler responded with a cross-complaint against Farber—and not the Association—seeking damages for fraud, negligent misrepresentation, breach of contract, and negligence. Stiffler's cross-complaint is not in issue on this appeal.

The Association demurred to the cross-complaint. It argued the indemnity claims failed to state a cause of action under a statute that provides the comparative fault of an association managing a condominium cannot be raised in a cross-complaint or separate action for contribution or implied indemnity, but only as a defense. (Civ. Code, § 1368.4.) The Association argued the declaratory relief claim also failed to state a cause of action, because it sought to enforce the CC&R's and Farber did not have standing to bring such an action. The trial court sustained the demurrer, without leave to amend, as to all causes of action.

Following this success, the Association moved for judgment on the pleadings of Farber's original complaint. It contended Farber lacked standing to enforce the CC&R's, and the ruling sustaining the demurrer to the cross-complaint was res judicata on the issue. The trial court rejected the res judicata argument, but it agreed Farber lacked standing to sue. Judgment was entered for the Association on the complaint, and a subsequent judgment (denominated an order) dismissed the cross-complaint against the Association. On the Association's motion, it was awarded $24,517.50 in attorney fees and $512 in costs as the prevailing party in an action to enforce the governing documents of the condominium project. (Civ. Code, § 1354, subd. (c).)

I

Farber argues she has standing because neither the complaint nor the cross-complaint was an action to enforce the CC&R's. Rather, she says, both sought to establish the Association's obligations to Stiffler. We do not buy it. The obligations Farber sought to enforce were obligations owed by the Association to Stiffler *under the CC&R's*.

Civil Code section 1354, subdivision (a) provides that covenants and restrictions in a condominium declaration are enforceable as equitable servitudes if certain conditions are met. It then continues as follows: "Unless the declaration states otherwise, these servitudes may be enforced by any owner of a separate interest or by the association, or both." The term "separate interest" means, in a condominium project, an individual unit. (Civ. Code, § 1351, subd. (l)(2).) The common law rule is the same. One who no longer owns land in a development subject to reciprocal restrictions cannot enforce them, absent showing the original covenanting parties intended to allow enforcement by one who is not a landowner. (*B.C.E. Development, Inc. v. Smith* (1989) 215 Cal.App.3d 1142, 1147–1148 [264 Cal.Rptr. 55]; see *Kent v. Koch* (1958) 166 Cal.App.2d 579, 586 [333 P.2d 411] [developer who sold all lots in subdivision cannot enforce restrictions that would benefit project on adjacent land].)

■ The essence of Farber's claim is that the CC&R's require the Association to fix Stiffler's roof. We cannot regard that as anything but an attempt to enforce the CC&R's. The language of the complaint and cross-complaint leave no doubt in the matter. The complaint alleges a controversy "between plaintiff and defendants . . . concerning their respective rights and duties pursuant to the DECLARATION [the CC&R's]," and it seeks a declaration of Farber's rights against the Association and Stiffler. The cross-complaint requests indemnity, and a declaratory judgment, on the theory the Association had the primary duty to repair the roof under the CC&R's. Since Farber attempted to enforce the CC&R's when she no longer owned a unit in condominium, the complaint and cross-complaint were properly dismissed for lack of standing.

Farber's argument she was only seeking to enforce Stiffler's rights strains even our credulity. To begin with, that is not what the pleadings say. The complaint unambiguously requests a declaration of *Farber's* rights against the Association. The cross-complaint is not as direct, but its import is the same, since Farber claims the Association has a duty to indemnify *her* because it is primarily liable for fixing Stiffler's roof. Moreover, whether Stiffler's rights or her own, this is still an action *by* Farber that seeks relief under the CC&R's, and she is not a person entitled to bring such a suit.[2]

*Salawy v. Ocean Towers Housing Corp.* (2004) 121 Cal.App.4th 664 [17 Cal.Rptr.3d 427] does not help Farber. There, unit owners in a cooperative apartment building sued the cooperative corporation for breach of a promise to reimburse them for costs incurred in temporarily relocating, while repairs were made following an earthquake. The cooperative corporation successfully demurred based on provisions in its bylaws. It then requested attorney fees under a statute that awards fees to the prevailing party in "an action to enforce the governing documents" (Civ. Code, § 1354, subd. (c)), which are those documents that govern the operation of a condominium, among others. (Civ. Code, § 1351, subds. (c), (j).) The court held fees were not recoverable because the action was based on a breach of promise, *not the governing documents.* (*Salawy,* at p. 671.) Here, the essence of Farber's claim is that the *CC&R's* place the obligation to fix Stiffler's roof on the Association, so she cannot be liable for the cost. There is no promise here, only an obligation she finds in the CC&R's. That *is* an action to enforce the CC&R's, whether framed in terms of Farber's rights against the Association or Stiffler's.

Alternatively, Farber contends she only used the CC&R's defensively, to avoid liability to Stiffler. But that simply is not true. Farber's claims are

---

[2] We also note that as procedural matter, Farber's claim to be enforcing Stiffler's rights runs afoul of the rule that an action must be prosecuted in the name of the real party in interest. (Code Civ. Proc., § 367.) Farber has sued in her own name, not Stiffler's, which again makes it apparent she is the one seeking to enforce the CC&R's.

presented in a complaint and cross-complaint, not as defenses in an answer. There is no avoiding the conclusion the complaint and cross-complaint were correctly dismissed for lack of standing.

## II

Farber argues the dismissals violated two rules that prohibit reconsideration of an issue raised and rejected, absent new facts or law. She is mistaken.

■ A party who moved for an order that was refused may make a subsequent application for the same order only by showing "new or different facts, circumstances, or law," and its new motion must be accompanied by an affidavit setting out what is new or different. (Code Civ. Proc., § 1008, subd. (a).) A motion for judgment on the pleadings may be brought on the same grounds as an unsuccessful demurrer only if "there has been a material change in applicable case law or statute since the ruling on the demurrer." (Code Civ. Proc., § 438, subd. (g).)

Farber's theory is that the demurrer to the cross-complaint, and the motion for judgment on the pleadings against the complaint, presented the same standing argument that was rejected when the trial court overruled the demurrer to the complaint. From this she reasons that both should have been rejected because neither raised new facts or law.

But the trial court did not consider standing when it overruled the demurrer to the complaint. It explained that lack of standing was "not a clearly stated ground in the demurrer," due process would be violated if the argument was considered without allowing Farber to brief it, and "[w]ithout expressing any opinion on the merits of these [standing] arguments . . . [t]he demurrer is overruled." It rather clearly *refused* to consider the standing issue.

Since standing was not an issue on the overruled demurrer, the Association was free to raise it by motion for judgment on the pleadings against the complaint. As for the cross-complaint, the Association's demurrer was its first challenge to that new pleading, so the rule regarding motions for reconsideration does not apply. There was no procedural error in the judgments dismissing the complaint and cross-complaint.

## III

Farber argues the trial court improperly relied on res judicata in granting the motion judgment on the pleadings. The short answer—which is all that is necessary here—is that it did not. The relevant order states "[t]he court's

prior ruling on the demurrer to plaintiff's cross-complaint is not res judicata . . . ," and it goes on to grant the motion because Farber lacks standing to sue.

## IV

Finally, we turn to the fee award. The fee motion was brought under Civil Code section 1354, subdivision (c), which provides as follows: "In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs." Farber asserts multiple errors in the award. We set out each in turn and conclude none has merit.

Farber contends fees were improper because this is not an action to enforce the CC&R's. A related argument is that the Association was not the prevailing party entitled to costs of $512 because the complaint and cross-complaint should not have been dismissed. The point here is the same one she made on the standing issue, supported by the same authorities, and it is no more persuasive the second time around. This *is* an action to enforce the CC&R's and the case was properly dismissed, so the Association was the prevailing party entitled to fees and costs.

Next, Farber argues the trial court initially denied the fee motion, then granted a second motion that did not state sufficient grounds to permit renewal of the failed effort. We cannot agree.

The Association's first fee motion was supported by a declaration from counsel that stated the hours spent on the case and his regular billing rate. Farber objected to the supporting evidence as inadequate. The trial court denied the fee motion "without prejudice on the grounds that Moving Party did not supply the court with sufficient information to determine whether the fees were reasonable and necessary."

The second fee motion attached a detailed bill that itemized the services performed on a day-by-day basis and the time spent on each, with a few entries redacted. Farber argued the second motion did not state sufficient grounds to permit reconsideration under Code of Civil Procedure section 1008. The trial court disagreed, saying Code of Civil Procedure section 1008 did not apply because "the prior motion was denied *without* prejudice." It eliminated certain items and awarded the Association fees of $24,517.50.

Code of Civil Procedure section 1008 provides, in relevant part: "(b) A party who originally made an application for an order which was refused in whole or part . . . may make a subsequent application for the same order upon new or different facts, circumstances, or law, in which case it shall be

shown by affidavit what application was made before, when and to what judge, what order or decisions were made, and what new or different facts, circumstances, or law are claimed to be shown. . . . [¶] . . . [¶] (e) This section specifies the court's jurisdiction . . . and applies to all applications to reconsider any order . . . or for the renewal of a previous motion, whether the order deciding the previous matter or motion is interim or final. No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section."

*Le Francois v. Goel* (2005) 35 Cal.4th 1094 [29 Cal.Rptr.3d 249, 112 P.3d 636] holds that Code of Civil Procedure section 1008 prohibits a party from filing repetitive motions for the same relief, but a court may, on its own motion, reconsider a prior interim ruling it believes to be mistaken. (*Le Francois*, at p. 1107.) "[I]f the court is seriously concerned that one of its prior interim rulings might have been erroneous, and thus that it might want to reconsider that ruling on its own motion . . . it should inform the parties of this concern, solicit briefing, and hold a hearing." (*Id.* at p. 1108.)

Here, the trial court indicated it wanted to reconsider the fee issue when it denied the first motion *without prejudice*, so Code of Civil Procedure section 1008 is inapplicable. Denial of a motion without prejudice impliedly invites the moving party to renew the motion at a later date, when he can correct the deficiency that led to the denial.

In this case, the first motion was denied for want of sufficient evidence. The trial court might have continued the motion to allow the Association to submit a detailed fee bill, but instead it chose to deny the motion with, in effect, leave to renew it upon further evidence. Which route to choose is an administrative matter of calendar management—some might want to streamline a docket and continue a pending motion to allow supplemental filings, while others might prefer to decide the motion on the existing papers and reconsider that decision in a new motion. In any event, the trial court acted within its powers when, essentially on its own motion, it reconsidered fees and made the instant fee award.

Farber also argues the fee award was excessive. In her view, the request should have been reduced by 44.5 hours spent on the first fee motion and two premature bills of cost, and the award was still too high because the case was won on a demurrer and motion with very little discovery. We cannot agree.

The trial court found $24,517.50 was a reasonable fee, and Farber's disagreement with that figure does not make it wrong. We note that the trial judge reduced the fee requested by approximately 33.6 hours. To prevail on a substantial evidence challenge, an appellant must lay out the contrary evidence and demonstrate why it is lacking. (*Foreman & Clark Corp. v. Fallon*

(1971) 3 Cal.3d 875, 881 [92 Cal.Rptr. 162, 479 P.2d 362].) Farber makes no attempt to do this, but rather reargues her own position on both the reduction and the overall value of the services provided by the Association's lawyer. That is not good enough. Since there is no showing the fee award is unsupported by the evidence, it must be affirmed.

Since Farber does not have standing to sue, the complaint and cross-complaint were properly dismissed. The Association was entitled to reasonable fees and costs as the prevailing party, and no error is shown in making that award. The judgments and postjudgment order appealed from are affirmed. The Association is entitled to costs on appeal.[3]

O'Leary, J., and Ikola, J., concurred.

---

[3] Since we affirm the dismissal of the complaint and cross-complaint, we do not reach Farber's argument that her discovery motions should have been granted.