Filed 11/20/15  Altafulla v. Ervin CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CAROLINA ALTAFULLA, | D066912 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. DV038735) |
| JOHN ERVIN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Christine K. Goldsmith, Judge.  Affirmed.

John Ervin, in pro. per., for Defendant and Appellant.

Godes & Preis, Joseph M. Preis, Oliver B. Dreger; Moore, Schulman & Moore, Peggy L. Moore and Jeremy S. Boyer for Plaintiff and Respondent.

In a prior appeal, we affirmed orders granting plaintiff and respondent Carolina Altafulla a domestic violence protective order against defendant and appellant John Ervin and denying Ervin's application for a protective order against Altafulla.  Following entry

of those orders, Ervin repeatedly and unsuccessfully sought further relief from the trial court. Thereafter, the trial court awarded Altafulla $4,000 in attorney fees and imposed $1,000 in sanctions on Ervin. We affirm those orders.

With respect to the attorney fees awarded by the trial court, Altafulla was able to establish her need for them and Ervin's ability to pay them. The manner in which Ervin litigated the protective order and issues following the trial court's order granting the order supported imposition of sanctions on him. Ervin's arguments that Altafulla's application for fees and sanctions was untimely, that the trial court had previously denied her request, that her failure to initially rely upon the appropriate fee shifting statute prevented the trial court from awarding them, and that his conduct did not warrant sanctions, are unpersuasive and we reject them.

We deny Altafulla's application for sanctions on appeal.

FACTUAL AND PROCEDURAL BACKGROUND

We fully set forth the factual circumstances that gave rise to both Ervin's prior appeal and this appeal in our opinion in *Altafulla v. Ervin* (2015) 238 Cal.App.4th 571. Briefly, Ervin and Altafulla were involved in a romantic relationship and had purchased a home together; Altafulla's children from a prior marriage lived with her in the home, and Ervin's children from a prior marriage also lived there, when they were not residing with their mother. The relationship between Ervin and Altafulla broke down when Ervin discovered that Altafulla had been unfaithful to him. Altafulla applied for and was granted a protective order after Ervin described to Altafulla's children sex acts he believed Altafulla had engaged in with a professional colleague and then proceeded to

2

rearrange the furniture in their bedrooms, over Altafulla's apparent objection. As we indicated, the trial court denied Ervin's application for a protective order against Altafulla.

The trial court's orders granting Altafulla's application and denying Ervin's application were entered on March 17, 2014. On March 20, 2014, three days after the trial court granted Altafulla's application for a five-year restraining order, Ervin made an ex parte appearance at which he requested the return of his personal belongings and the trial court scheduled a move out date; on April 21, 2014, Ervin renewed his request for a restraining order against Altafulla, which was denied; on May 1, 2014, Ervin made a further ex parte appearance at which he asked that Altafulla return additional belongings.

On July 7, 2014, Altafulla moved for an order awarding her attorney fees and imposing sanctions. Altafulla asked that Ervin pay $15,000 in attorney fees and sanctions. Altafulla's motion was supported by an income and expense declaration, which stated that she earns a gross salary of $8,669 and has monthly expenses of $10,172. Altafulla's declaration also stated that Ervin earned $20,000 a month, had contributed $95,000 as a down payment on the house they purchased together and had offered to pay her $20,000 for her interest in the home. At the hearing on the motion, Ervin presented the court with a pay stub which indicated that in 2014 he was earning $5,000 a month.

The trial court awarded Altafulla $4,000 in attorney fees and imposed $1,000 in sanctions on Ervin. The trial court permitted Ervin to pay the attorney fees and sanctions at a rate of $200 a month. Ervin filed a timely notice of appeal.

3

DISCUSSION

I

In his first argument on appeal, Ervin contends Altafulla's motion for attorney fees was untimely.

In the absence of a stipulation extending the time to do so, a motion for attorney fees incurred before entry of an appealable order or judgment must be made within the time permitted for appeal from the appealable order or judgment. (Cal. Rules of Court, rule 3.1702(b)(1).) A notice of appeal must be filed within either 60 days after service on appellant of a file-stamped copy of the appealable order or judgment or 180 days after entry of the order or judgment, whichever is earlier. (Cal. Rules of Court, rule 8.104(a).)

There is no proof of service in the record on appeal which shows that a file-stamped copy of the orders granting Altafulla's application for a protective order and denying Ervin's application were served on Ervin.[1] Hence, Altafulla's motion, which was made within 180 days of the orders, was timely.

II

Next, Ervin contends that because the trial court denied Altafulla's request for attorney fees at the time it granted her application for a protective order, the trial court

---

[1] The fact that a file-stamped copy of the restraining order appears in the record in Ervin's prior appeal, does not show when, if ever, the order was served on him. We note Ervin did not designate the record in the prior appeal as part of the record in this appeal but merely attempted to make it part of the record by way of incorporation by reference in his opening brief. The California Rules of Court do not permit such augmentation of the record. Nonetheless, because Altafulla did not raise any objection to Ervin's reference to the earlier record and in an abundance of caution we have, on our own motion, taken judicial notice of the record in the prior appeal.

4

was thereafter barred from awarding them. The record here does not support Ervin's contention.

A minute order entered on March 17, 2014, when the trial court granted Altafulla's application for a restraining order, indicates that at that time the trial court denied Altafulla's request for attorney fees; a transcript of the hearing shows that the trial court suggested that Altafulla might make such a motion in collateral civil proceedings between the parties. When Ervin's second request for a protective order was denied on April 21, 2014, the trial court again declined to award Altafulla any attorney fees. However, a later minute order, entered on May 1, 2014, following an ex parte appearance initiated by Ervin, stated in part: "If petitioner is going to request attorney fees and costs, then a request for order should be filed with an updated income and expense declaration from her client."

This record supports Altafulla's contention that the trial court's initial denials of attorney fees were not rulings on the merits of her right to them and were without prejudice to renewal of the motion when she presented an income and expense declaration. Altafulla's interpretation of the record is also supported by the rule that, on appeal, were are required to interpret the record in any reasonable manner which supports the trial court's ruling. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it . . . .' "].)

Because the trial court's ruling on Altafulla's initial requests appear to have been made without prejudice to renewal, Altafulla was not prevented by Code of Civil

5

Procedure section 1008 from making a further motion supported by the declaration of income and expenses required by the trial court. (See Code Civ. Proc., § 1008, subd. (b); *Farber v. Bay View Terrace Homeowners Assn.* (2006) 141 Cal.App.4th 1007, 1014.)

III

In her initial memorandum of points and authorities filed in support of her motion for attorney fees, Altafulla relied on Family Code section 2030, subdivision (a). Family Code section 2030, subdivision (a)(1), states: "*In a proceeding for dissolution of marriage, nullity of marriage, or legal separation of the parties*, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation, including access early in the proceedings, to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a governmental entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding." (Italics added.)

In his opposition to Altafulla's motion, Ervin argued that attorney fees under Family Code section 2030, subdivision (a) were not available because he and Altafulla were never married and her application for a protective order was not a dissolution, nullity or separation proceeding. In her reply memorandum, Altafulla relied on Family Code section 6344, which is within the Domestic Violence Prevention Act and provides: "(a) After notice and a hearing, the court may issue an order for the payment of attorney's fees and costs of the prevailing party. [¶] (b) In any action in which the petitioner is the

6

prevailing party and cannot afford to pay for the attorney's fees and costs, the court shall, if appropriate based on the parties' respective abilities to pay, order that the respondent pay petitioner's attorney's fees and costs for commencing and maintaining the proceeding. Whether the respondent shall be ordered to pay attorney's fees and costs for the prevailing petitioner, and what amount shall be paid, shall be determined based upon (1) the respective incomes and needs of the parties, and (2) any factors affecting the parties' respective abilities to pay."

As we have indicated, at the hearing on the motion Ervin presented the trial court with a pay stub, which indicated he was earning approximately $5,000 a month.

Altafulla's erroneous reliance on Family Code section 2030, subdivision (a) did not deprive the trial court of the power to make an award under Family Code section 6344. By its express terms, Family Code section 6344 permits an award of attorney fees in Domestic Violence Protection Act proceedings, such as this one. Moreover, Altafulla's error did not unduly prejudice Ervin. As Altafulla points out, under both statutes, an award of attorney fees is based on the trial court's determination of the parties' respective abilities to pay attorney fees and, by way of the pay stub Ervin presented at the hearing, Ervin made it clear that he understood that his ability to pay attorney fees was an issue raised by Altafulla's motion.

IV

Family Code section 271, subdivision (a) states: "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of

7

the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys. An award of attorney's fees and costs pursuant to this section is in the nature of a sanction. In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities. The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed. In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award."

By its terms, Family Code section 271 is not restricted to marriage, annulment or separation proceedings and has been applied in custody proceedings under the Family Code between unmarried parents. (See *Robert J. v. Catherine D.* (2009) 171 Cal.App.4th 1500, 1519-1521.) Thus, contrary to Ervin's argument on appeal, the trial court had the power to impose sanctions under the statute.

Also contrary to Ervin's argument, the record here supports an award of attorney fees under Family Code section 271. A restraining order was imposed on him and two of his requests for a protective order were denied; he appeared twice ex parte to arrange to retrieve personal items. Given this course of conduct, which plainly could have been avoided had Ervin made a greater effort to resolve his differences with Altafulla, the trial court could reasonably conclude that Ervin had frustrated the policy of the law which favors settlement of disputes.

V

8

We decline to award attorney fees to Altafulla on appeal as sanctions. Although we reject Ervin's contentions, the arguments he makes are not frivolous and, given the amount of attorney fees and costs imposed on him by the trial court's order, we are not convinced his appeal has been prosecuted for improper purpose.

## DISPOSITION

The order is affirmed. Altafulla to recover her costs on appeal.

BENKE, Acting P. J.

WE CONCUR:

NARES, J.

O'ROURKE, J.

9