Filed 2/22/16  Aboolian v. Arutyunyan CA2/3
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANDRE ABOOLIAN,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>VAAGN ARUTYUNYAN,<br><br>  Defendant and Appellant. | B262229<br><br>(Los Angeles County<br>Super. Ct. No. BC539642) |

Appeal from a judgment of the Superior Court of Los Angeles County, Suzanne G. Bruguera, Judge.  Affirmed.

Burlison Law Group and Robert C. Burlison, Jr. for Defendant and Appellant.

Liner LLP, Wayne S. Grajewski and Aimee Y. Wong; Albert Abkarian & Associates, Albert Abkarian and Moussa A. Helo for Plaintiff and Respondent.

**INTRODUCTION**

This is an appeal from an order enforcing a settlement under Code of Civil Procedure section 664.6, arising from unlawful detainer proceedings involving Andre Aboolian (landlord) and Vaagn Arutyunyan (tenant).[1] In the proceedings below, each party claimed the other party breached the settlement agreement, which provided landlord would sell the subject property to tenant at fair market value following an appraisal. The court found tenant breached the agreement by failing to obtain an appraisal according to the express terms of the settlement agreement. On appeal, tenant argues mainly that no substantial evidence supports that finding. We disagree and therefore affirm the judgment.[2]

**FACTS AND PROCEDURAL BACKGROUND**

The procedural path taken by this case prior to its arrival in this court is both complex and largely irrelevant to the issues presented for our consideration. For brevity's sake, we summarize only the facts necessary to our opinion.

In February 2010, landlord purchased residential property located at 9851 Lanark Street in Sun Valley. At the time of the purchase, tenant had been living in the property for some time. Landlord and tenant subsequently entered into a lease agreement and tenant continued to reside at the property.

In May 2012, landlord served tenant with a 60-day notice to quit. After tenant refused to vacate the property, landlord filed an unlawful detainer action against him. In lieu of a trial on the unlawful detainer matter, the parties entered into a settlement agreement (the agreement) allowing tenant to purchase the property from landlord. The parties agreed to dismiss the unlawful detainer action and stipulated the court would

---

[1] Further section references are to the Code of Civil Procedure unless otherwise noted.

[2] Although the court titled its written ruling as an order, in substance it is a judgment enforcing a settlement agreement under section 664.6 and we construe it as such.

retain jurisdiction to enforce the agreement. The parties also agreed if tenant defaulted on his obligations under the agreement, judgment and a writ of possession of the property would be entered by the court in favor of landlord.

The agreement set forth the conditions under which landlord would sell the property to tenant. Pertinent to our decision, the agreement provided tenant would purchase the property from landlord at fair market value, to "be determined by an appraisal conducted by an independent, uninterested, and licensed appraiser." Further, tenant was required to "apply for an appraisal via internet, utilizing Wells Fargo or Bank of America's internet resources. At which point it is the Parties' understanding and intention that Wells Fargo or Bank of America will assign an appraiser to conduct the necessary appraisal." [S*ic*.] As for the escrow, the agreement required tenant to open escrow within 14 days of the date of the agreement, and provided "[e]scrow MUST BE CLOSED on or by January 31, 2013. If not, [tenant] stipulates to a Writ of Possession in favor of [landlord] and will vacate the Subject Property on or by February 28, 2013."

After signing the agreement, tenant contacted Bank of America to request an appraisal. According to tenant, an unidentified bank employee told him banks cannot select appraisers and must instead use an appraisal management company. At the suggestion of the bank employee, tenant used the internet to locate an appraisal management company. He selected Golden State Management Company (Golden State) and obtained two appraisals on the property.

Landlord refused to accept the appraisal values provided by tenant because they did not comply with the agreement's appraisal provisions. However, landlord was also aware the banks would not select an appraiser for them. Through counsel, landlord proposed the parties hire three independent real estate agents to provide estimates of fair market value and then take the average of the three estimates to set the purchase price. Tenant maintained that his appraisals were valid. Escrow did not open and tenant did not purchase the property.

3

Altogether, the parties filed three motions to enter judgment pursuant to the settlement agreement. Landlord filed the first motion in the unlawful detainer court a few months after the deadlines set forth in the agreement passed. The court denied that motion without prejudice. Subsequently, tenant filed a motion to enter judgment in his favor. Due to the expansion of the issues between the parties, the unlawful detainer court transferred the case to a court of general jurisdiction while tenant's motion was pending. The newly assigned court denied tenant's motion with prejudice after finding tenant failed to establish he complied with the agreement. Pertinent here, the court found tenant "did not submit admissible evidence showing he obtained appraisals of the subject property in accordance with the procedure set forth in the settlement agreement."

Landlord then filed a motion to enter judgment pursuant to the agreement.[3] The court granted landlord's motion citing, among other things, its prior finding regarding tenant's lack of compliance with the agreement's appraisal provisions. The court entered judgment for possession of the property against tenant and ordered a writ of possession in favor of landlord. Tenant timely appeals.

## CONTENTIONS

Tenant contends no substantial evidence supports the court's finding that he breached the settlement agreement by failing to comply with the provisions related to property appraisal. In the alternative, tenant contends the agreement was modified by operation of law to allow him to select an appraisal management company.

---

[3] We reject tenant's suggestion that Code of Civil Procedure section 1008 bars landlord's second motion to enter judgment. Section 1008 is inapplicable because the unlawful detainer court denied landlord's first motion *without prejudice* to landlord renewing the motion at a later time. "Denial of a motion without prejudice impliedly invites the moving party to renew the motion at a later date, when he can correct the deficiency that led to the denial." (*Farber v. Bay View Terrace Homeowners Assn.* (2006) 141 Cal.App.4th 1007, 1015 ["[T]the trial court indicated it wanted to reconsider the fee issue when it denied the first motion *without prejudice,* so Code of Civil Procedure section 1008 is inapplicable"].)

4

Section 664.6 permits the trial court to enter judgment on a settlement agreement without the need for a new lawsuit. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809-810 (*Weddington*).) "Factual determinations made by a trial court on a section 664.6 motion to enforce a settlement must be affirmed if the trial court's factual findings are supported by substantial evidence." (*Id.* at p. 815, citing *In re Marriage of Assemi* (1994) 7 Cal.4th 896, 911; see also *Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1360 [factual findings related to section 664.6 motion " 'are subject to limited appellate review and will not be disturbed if supported by substantial evidence' "].) We independently review questions of law. (*Weddington, supra*, at p. 815.)

Tenant contends the court erred by finding that he breached the agreement's appraisal provisions, which finding forms the basis of the court's denial of his motion for judgment and the judgment in favor of landlord. We disagree.

As tenant notes, the agreement requires the fair market value of the property to "be determined by an appraisal conducted by an independent, uninterested, and licensed appraiser." Tenant argues he complied with this provision, and the parties' contractual intent, because the two appraisers who rendered appraisals in this case were, as required, independent, uninterested, and licensed. Even assuming tenant is correct on that issue, the analysis does not end there.

The agreement requires tenant to "apply for an appraisal via internet, utilizing Wells Fargo or Bank of America's internet resources. At which point it is the Parties' understanding and intention that Wells Fargo or Bank of America will assign an appraiser to conduct the necessary appraisal." [*Sic.*] We reject tenant's contention that he complied with the agreement by using "the bank's internet resources which, under the law, are appraisal management companies, such as Golden State." The evidence cited indicates tenant simply followed an unidentified bank employee's suggestion that he conduct an internet search. Specifically, tenant's declaration submitted in opposition to landlord's motion for judgment states: "I contacted Bank of America to inquire about

5

arranging for an appraiser to appraise the subject property. I was advised that the banks can no longer appoint appraisers and that the parties must now use (as do the banks, and thus this is the bank's internet resource) an appraisal management company. Accordingly, as I was told by the bank employee, I went on the internet and searched for appraisal management companies and located Golden State Appraisal Management Co. LLC ("Golden State"). Golden State assigned the appraisers and I had no involvement in their selection other than contacting Golden State." Given even the most generous reading, this evidence does not establish, as tenant's counsel represented at oral argument, that either of the banks referred tenant to Golden State. Nor does this evidence indicate tenant used any resource supplied by Bank of America or Wells Fargo, as required. To the contrary, tenant's declaration indicates he simply ran an internet search and selected one of the companies the search revealed. The fact that tenant used the internet to find an appraisal management company plainly does not demonstrate compliance with the agreement's requirement that he " 'apply for an appraisal via internet, utilizing Wells Fargo or Bank of America's internet resources' " with the intended result that one of the banks —rather than tenant—would select the appraiser.

Further, it is undisputed tenant *unilaterally* selected Golden State—an action which does not comply with either the letter or the spirit of the appraisal provision. The parties never agreed to modify the agreement to permit the use of an appraisal management company. More to the point, the parties never agreed *tenant* could select an appraisal management company. The agreement evidences the parties' intention that a neutral party—and specifically *not* tenant—should select an appraiser. To the extent the parties were required by circumstance to use an appraisal management company, tenant's decision to select a company without consulting landlord is inconsistent with the parties' contractual intent.

6

It appears both parties recognized at the time that neither Bank of America nor Wells Fargo would appoint an appraiser for their transaction.[4]  Tenant argues that because the banks were prohibited by law from appointing an appraiser as the parties agreed, the settlement agreement was modified by operation of law to allow him to select an appraisal management company.  Tenant directs our attention to Civil Code section 1090.5 and the California Finance Lenders Law (Fin. Code, § 22000 et seq.) and asserts, correctly, these statutes are designed to ensure the independence and neutrality of appraisers involved in real estate transactions.  (See Civ. Code § 1090.5, subd. (a) ["No person with an interest in a real estate transaction involving a valuation shall improperly influence or attempt to improperly influence the development, reporting, result, or review of that valuation, through coercion, extortion, bribery, intimidation, compensation, or instruction"]; Fin. Code § 22755, subd. (k) [making it unlawful for a mortgage loan originator to "make any payment, threat, or promise, directly or indirectly, to any appraiser of a property, for the purposes of influencing the independent judgment of the appraiser with respect to the value of the property"].)  However, tenant's argument that these statutes somehow modified the parties' settlement agreement to authorize tenant's unilateral selection of an appraisal management company is untenable.  Nothing in the cited statutes supports tenant's argument and tenant fails to provide us with any authority which would support such a result.  In sum, substantial evidence supports the court's conclusion that tenant failed to comply with the appraisal provisions of the settlement agreement.

---

[4]      To the extent tenant's counsel suggested at oral argument that tenant's performance should have been excused because it was not possible to comply with the letter of the agreement, we note tenant did not raise this argument in the trial court or in his briefs on appeal.  He has therefore forfeited the argument.  (See *Title G. & T. Co. v. Fraternal Finance Co.* (1934) 220 Cal. 362, 363 ["Appellate courts will notice only those assignments pointed out in the brief of an appellant, all others are deemed to have been waived or abandoned"]; *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Assn.* (2008) 163 Cal.App.4th 550, 564 (*Premier Medical*) ["[W]e ignore arguments, authority, and facts not presented and litigated in the trial court"].)

In the alternative, tenant asserts his compliance with the agreement was excused because landlord breached the agreement. Specifically, tenant contends landlord breached the agreement by rejecting tenant's proffered appraisals and by refusing to sign the documents necessary to open escrow for the sale of the property. This argument is unavailing. As discussed *ante*, substantial evidence supports the court's finding that tenant failed to comply with the settlement agreement's appraisal provisions. Accordingly, landlord was well within his rights to reject tenant's appraisals and the fair market values they set forth. Further, because the parties did not determine the sale price of the property, landlord reasonably refused to sign the documents necessary to open escrow on the sale.

Because we conclude the court's finding that tenant failed to comply with the appraisal provisions of the agreement is supported by substantial evidence and we affirm the judgment on that basis, it is unnecessary for us to address tenant's additional argument regarding compliance with the rent provisions of the settlement agreement. We also decline to address tenant's argument that the judgment is ineffective against his wife, as there is no evidence in the record suggesting he raised that issue below. (*Premier Medical, supra*, 163 Cal.App.4th at p. 564.)[5]

---

[5] By order dated September 25, 2015, we deferred ruling on tenant's motion for reconsideration of this court's ruling on landlord's motion for judicial notice. The motion for reconsideration is hereby denied.

**DISPOSITION**

The judgment is affirmed.  Respondent shall recover his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

ALDRICH, J.

9